UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD POULSEN,

    Plaintiff,

v.                                                CASE No. 8:06-CV-1670-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Essentially, he argues that the Administrative Law Judge ("ALJ") erred by finding him capable of performing fulltime work on a sustained basis and that the Appeals Council erred in determining the evidence he submitted was not new and material and denying review. After reviewing the record, I find that the ALJ applied the correct legal standards and his decision is supported by substantial evidence. Therefore, it is ordered that Plaintiff's complaint be dismissed and the Commissioner's decision affirmed.

    *A. Background*

Plaintiff, who was fifty-six years old at the time of his administrative hearing on November 12, 2004, has a GED, and previous work experience as a laborer, grounds keeper, handyman,

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) (doc. 11).

homeless shelter night supervisor, hospital janitor, baker's helper, department store maintenance person, and roofer. He alleges disability beginning January 15, 2002, due to depression, emphysema, lower back pain, and hepatitis C. Plaintiff filed a second disability report alleging he became unable to work starting September 16, 2004, due to installation of a pacemaker, although the new onset date applies only to his heart problems.[2]

Plaintiff initially filed for disability insurance benefits and supplemental security income on September 4, 2002, alleging a disability onset date of January 15, 2002. The ALJ denied benefits, finding Plaintiff retained the residual functional capacity to perform a reduced range of medium work. The Plaintiff appealed, and the Appeals Council denied review, finding Plaintiff's additional evidence was not new or material. At this juncture, the Plaintiff has exhausted his administrative appeals, and the ALJ's decision is the final decision.

### B. *Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past

---

[2] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order (R. 19-24).

relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

 C. Discussion

  1. ability to perform full-time work

Plaintiff contends the ALJ erred at step five of the sequential analysis by finding him capable of performing full time work. He asserts that at the time of the administrative hearing he was working as a car washer, and was only able to work two to three days a week, and only able to stand for six hours each day. From this, he argues that he is incapable of working eight hours a day for five days a week, or an equivalent schedule. As the Commissioner notes, Plaintiff relies only on his own testimony and not on any medical records or doctors' opinions in concluding he is unable to work full-time.

3

The evidence of record shows that Plaintiff is indeed capable of full-time work. None of the treating, examining, or consulting doctors opined Plaintiff could not perform full-time work. One psychological consultant indicated Plaintiff should be subject to certain moderate limitations, namely in his ability to understand and remember, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to perform activities within a schedule with regular attendance and punctuality, the ability to complete a normal work day and week without psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes (R. 254-55). The ALJ agreed with that assessment, stating he "finds that the claimant is moderately limited in the ability to maintain social functioning and maintain concentration, persistence, and pace" (R. 23).

The ALJ also adopted the findings of Plaintiff's examining and treating doctors with regard to his physical capabilities. He stated that one state agency doctor found Plaintiff had the residual functional capacity to perform medium work, while another found he could only perform light work. After referencing both opinions the ALJ opined that he gives greater weight to the earlier assessment that Plaintiff could perform medium work. He found that Plaintiff's allegations and purported level of functional limitations were not supported by the medical and other evidence and are not fully credible. Accordingly, I find that the ALJ's decision that Plaintiff can perform a limited range of medium work is supported by substantial evidence, and that he did not err at step five in concluding Plaintiff is capable of full-time work.

*2. new evidence*

Plaintiff claims the Appeals Council erred in denying review after considering newly submitted evidence.[3] This argument is one recently addressed by the Eleventh Circuit. *Ingram v. Astrue*, 496 F.3d 1253 (11th Cir. 2007). In *Ingram,* the Eleventh Circuit considered whether a federal court can review under sentence four a complaint that the Appeals Council erroneously denied review after considering new and material evidence. *Id.* at 1264. The Court held that the district court must consider evidence not submitted to the ALJ but considered by the Appeals Council. In other words, when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous. *Id*. at 1262. In essence, the Appeals Council's denial of a request for review is part of the "final decision" of the Commissioner and is subject to judicial review. *Id.* at 1264.

As in *Ingram*, the Plaintiff here argues that the new evidence submitted to the Appeals Council "further substantiated" the evidence before the ALJ (doc. 18, p.15). Thus, the proper inquiry is whether the Appeals Council's decision to deny benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. The majority of the medical records concern the time period before the ALJ's decision, and reflect generally the same conditions covered by the medical records originally submitted to the ALJ– back pain, lung problems, and depression. Plaintiff asserts that the newly submitted records document the pacemaker Plaintiff

---

[3] On another page of his memorandum of law the Plaintiff states that "when the Appeals Council refuses to consider new evidence submitted to it and denies review, the Appeals Council's decision denying review is subject to judicial review" (doc. 18, p.14). While this proposition is true, in this case the Appeals Council *did* consider the new evidence and then denied Plaintiff's request for review. See R. 3 ("After considering the additional information, we found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review.").

5

got in September 2004, before the hearing before the ALJ and show that "medium work is too likely to induce a dangerous rhythm and elevate heart rate so that the ICD will discharge." However, none of Plaintiff's doctors, either treating or consulting, have limited his work in this regard, and as the Commissioner notes, the new evidence shows that the implantation actually improved Plaintiff's cardiac functioning. Like the records included in the original administrative record before the ALJ, none of the nearly 100 pages of newly submitted medical records indicate an inability to work, or impose limitations other than those the ALJ already addressed. Although some of the entries in the new records indicate at times Plaintiff's depression may have worsened after the ALJ hearing, and other entries document complaints of dizziness, weakness, and fatigue, the ALJ already addressed these complaints and problems. Moreover, the new evidence fails to show Plaintiff was incapable of substantial gainful activity for a period of twelve months or more. *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1512(a). Hence, the ALJ's decision that Plaintiff is not disabled and is capable of a limited range of medium work is supported by substantial evidence, and the new evidence does not render the ALJ's decision erroneous.

And, as in *Ingram*, the Plaintiff incorrectly argues that the sentence six applies. Remand is appropriate under sentence six of the Act, if a claimant establishes that 1) there is new, noncumulative evidence; 2) that the evidence is material in that it is relevant and probative so that there is a reasonable probability that it would change the administrative results; and 3) there is good cause for failure to submit the evidence at the administrative level. *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988). However, a remand to the Commissioner is proper under sentence six only when new and material evidence that was not incorporated into the administrative record comes to the attention of the district court. "Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the

basis for only a sentence four remand, not a sentence six remand." *Ingram, supra*, at 1267.  In this case, the Appeals Council considered the additional evidence Plaintiff submitted and incorporated it into the administrative record (R. 3), and hence, sentence six remand is inappropriate.

*C.  Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on January 17, 2008.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE